**STATE**

v.

**James KRAKUE.**

**No. 98–94–C.A.**

Supreme Court of Rhode Island.

March 9, 1999.

**460**

Aaron L. Weisman, Providence, for plaintiff.

David N. Cicilline, Bristol, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on February 8, 1999, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

An East Providence police officer responded to a report of a woman being beaten by her husband at a residential home. Upon arrival at the home, the officer noticed a woman, later identified as the defendant's wife, Dorothy Krakue (Dorothy), who appeared upset and continued to cry and shake while holding her back and the right side of her face. Dorothy immediately asked the officer "Did you get him?" The officer observed that Dorothy's eyes were swollen and she had difficulty walking. As the officer entered the house, he noticed furniture strewn about and the kitchen telephone torn from the wall. When asked what happened, Dorothy responded that her husband, the defendant, James Krakue (defendant), had assaulted her. She explained that the defendant had arrived home intoxicated and had become enraged, punching her in the right eye and head and striking her in the back with a wooden chair.

At some point while still inside the home, the officer noticed that defendant had returned in his automobile. After calling other officers for assistance, the officer approached defendant. According to the officer, defendant appeared intoxicated, having bloodshot and watery eyes and smelling of alcohol. At that time, the officer arrested defendant.

Dorothy absented herself from the state and did not testify against defendant at trial. The defendant, however, took the stand and denied striking his wife or consuming any alcohol. He stated that his wife initiated the physical altercation by throwing a chair at him. Moreover, defendant claimed that his wife tore the telephone from the wall and bit him several times on his chest and shoulder. The jury returned a guilty verdict against defendant, finding him guilty of domestic felony assault. Following the verdict, defendant made a motion for a new trial. At the hearing, Dorothy appeared for the first time. She addressed the court and claimed that the officer's testimony was untrue. Dorothy ex-

plained that she left the state, without the knowledge of defendant, due to harassment from the Attorney General's office. The trial justice denied defendant's motion for a new trial, reasoning that based on the evidence before him, the jury could have reached a guilty verdict by believing the officer and disbelieving defendant. The trial justice sentenced defendant to a suspended sentence of two years imprisonment and two years probation.

■ On appeal, defendant claims error on two issues which we shall review. First, defendant claims the trial justice erred in denying his motion for a new trial based on newly discovered evidence, as well as in the interests of justice. Second, defendant argues that since the sole basis of his conviction resulted from the admission of out-of-court statements, it violates the Confrontation Clause of the United States and Rhode Island Constitutions. The defendant also claims error regarding instructions to the jury. However, since defendant did not raise this issue at trial, it is not preserved for appellate review. *See State v. Pineda,* 712 A.2d 858, 861 (R.I.1998).

### I. Motion for New Trial

■ The defendant's first claim of error rests on his contention that his wife's testimony at the new trial hearing completely exonerated him and constituted newly discovered evidence not available prior to trial since his wife's whereabouts had been unknown to him. "When a motion for a new trial is based on newly discovered evidence, that evidence must satisfy a two-pronged test." *State v. Hernandez,* 641 A.2d 62, 72 (R.I.1994).

> "The first prong is a four-part inquiry that requires that the evidence be (1) newly discovered since trial, (2) not discoverable prior to trial with the exercise of due diligence, (3) not merely cumulative or impeaching but rather material to the issue upon which it is admissible, (4) of the type which would probably change the verdict at trial. *** Once this first prong is satisfied, the second prong calls for the hearing justice to determine if the evidence presented is 'credible enough to warrant a

new trial.'" *State v. Gomes,* 690 A.2d 310, 321 (R.I.1997) (quoting *Hernandez,* 641 A.2d at 72).

Since these factors require the trial justice to make determinations regarding the credibility of witnesses, " '[t]his [C]ourt will not disturb the decision of a trial justice on a motion for a new trial unless he or she overlooked or misconceived relevant and material evidence or was otherwise clearly wrong.'" *Id.*

■ We are of the opinion that the trial justice correctly ruled that defendant's wife's testimony did not qualify as newly discovered evidence. In denying defendant's motion for a new trial, the trial justice determined that his wife's testimony exonerating defendant did not constitute newly discovered evidence because defendant knew of the evidence but chose not to bring it before the court. The trial justice reviewed the evidence and concluded that he, like the jury, would have found defendant guilty. Additionally, it appears defendant made no effort to locate his wife. Notwithstanding defendant's claim of ignorance as to his wife's whereabouts, it appears from the record that the evidence would have been discoverable prior to trial with the exercise of due diligence. The defendant, however, never bothered to call his wife on the day of trial, nor, despite the absence of one of his children during the exact period of time as his wife's absence, file a missing persons report. Moreover, at trial, defendant did not request a continuance in order to present his wife as a witness, even though defendant knew of her testimony at that time.

■ The defendant also alleges error in his denial of his motion for a new trial on interests of justice grounds. Pursuant to Rule 33 of the Superior Court Rules of Criminal Procedure, a trial justice may grant a new trial if required in the interest of justice. In this case, since the trial justice in his independent judgment found that adequate evidence existed to support the verdict and that defendant's claim of newly discovered evidence had no merit, there is no basis for granting a motion for a new trial in the interest of justice.

## II. Confrontation Clause

In his second claim of error, defendant argues that to allow the conviction of an accused based entirely on out-of-court statements violates the accused's rights under the Due Process and Confrontation Clauses of the United States and Rhode Island Constitutions.

A criminal defendant is afforded the right to confront witnesses offered against him or her by the Sixth Amendment to the United States Constitution. *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The Fourteenth Amendment to the United States Constitution makes this right, which includes the right to cross-examine witnesses, applicable to the states. *State v. Scholl,* 661 A.2d 55, 58 (R.I.1995). Article 1, section 10, of the Rhode Island Constitution also guarantees a defendant the right to confrontation. *State v. Correia,* 600 A.2d 279, 286 (R.I.1991). "The strict requirement of confrontation in the Sixth Amendment, however, is tempered by the dictates of practicality and judicial economy." *Scholl,* 661 A.2d at 59 (quoting *State v. Burke,* 574 A.2d 1217, 1222 (R.I. 1990), in turn citing *Ohio v. Roberts,* 448 U.S. 56, 63–64, 100 S.Ct. 2531, 2537–38, 65 L.Ed.2d 597, 605–06 (1980)). "When hearsay evidence is sought to be introduced the defendant's right to confrontation is, therefore, examined on a case-by-case basis, and hearsay evidence will be admitted only if it is found to be sufficiently reliable." *Scholl,* 661 A.2d at 59. The reliability standard can be satisfied without more in a case when the evidence falls within a firmly rooted hearsay exception. *Roberts,* 448 U.S. at 66, 100 S.Ct. at 2539, 65 L.Ed.2d at 608.

Among the well-established exceptions to the hearsay rule is the excited utterance exception. *Cf. Scholl,* 661 A.2d at 59 (dying declaration exception also a well-established exception which satisfies Confrontation Clause concerns). "The rationale for the excited utterance or spontaneous exclamation exception is that a startling event may produce an effect that temporarily stills the declarant's capacity of reflection and produces statements free of conscious fabrication." R.I.R.Evid. 803(2) advisory committee's notes. "The guarantee of trustworthiness [for the excited utterance exception] is assured as long as the declarant made the statement as an 'instinctive outpouring' or an 'effusion.'" *State v. St. Jean,* 469 A.2d 736, 738 (R.I.1983) "[A] statement made in response to a traumatic or startling event is a spontaneous utterance so long as it was made while the declarant 'was still laboring under the stress of [the] *** experience.'" *Id.* (quoting *State v. Creighton,* 462 A.2d 980, 983 (R.I.1983)).

Before such evidence is admissible, it must be found to satisfy the dictates of Rule 803(2) of the Rhode Island Rules of Evidence. Rule 803 provides:

> "*Hearsay exceptions; availability of declarant immaterial.*—The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> ***
>
> (2) *Excited Utterance.* A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

"Admissibility of spontaneous utterances is addressed to the sound discretion of the trial justice." *State v. Perry,* 574 A.2d 149, 151 (R.I.1990) (quoting *In re Daniel,* 456 A.2d 258, 260 (R.I.1983)). "[A]ny decision made by a trial justice concerning the admission of excited utterances shall not be overturned unless clearly wrong." *Perry,* 574 A.2d at 151.

In the instant case, defendant argues that his wife's statements were not admissible because he could not confront or impeach those statements due to her absence from trial. Further, defendant argues that no evidence existed against him other than the testimony of the police officer relating to his wife's statements. Therefore, the defendant claims the statements constituted the sole basis for his conviction. We disagree.

The trial justice properly admitted the statements into evidence as excited utterances. There is ample evidence on the record to support the fact that the state-

ments were made under the stress of nervous excitement. The police officer testified that defendant's wife appeared upset, crying and shaking when he first approached her. She held her face and back and had difficulty walking. Evidence also existed which corroborated her statements that her husband had assaulted her, namely furniture strewn about the house and the telephone ripped from the wall. The officer smelled alcohol on the defendant's breath and noticed his blood-shot and watery eyes. Given that the statements of the defendant's wife fell within a recognized hearsay exception, those statements are deemed reliable. Therefore, the admission of the defendant's wife's statements under the excited utterance exception did not violate the defendant's right to confrontation under the United States or Rhode Island Constitutions.

For the reasons stated, the defendant's appeal is denied and the judgment of conviction is affirmed.