DECISION
The defendant, David St. Laurent, was charged with and convicted of the unlawful delivery of heroin. His appeal from that decision is currently before the Supreme Court. Upon the defendant's motion, the Supreme Court has remanded to this Court for hearing the defendant's second motion for a new trial which was based upon newly discovered evidence. After hearing, decision on defendant's second motion is herein rendered.
 Facts/Travel
On May 12, 1995, an information was returned charging the defendant with the unlawful delivery of a controlled substance, in violation of G.L. 1956 § 21-28-4.01 (A)(2)(A). According to the information, on May 8, 1995, in the Town of West Warwick, the defendant delivered heroin to Carlos Linares, who was a confidential informant for the West Warwick Police Department.
On August 28, 1995, the defendant filed a motion for exculpatory evidence requesting that the Court direct the State to furnish him with all evidence which was of an exculpatory nature or which may have been favorable to the defendant. In its answer to the defendant's motion, the State contended that any and all exculpatory information which was in the possession of the State, was provided to the defendant through the State's answer to discovery and inspection and/or the information package.
On November 20, 1995, the defendant again filed a motion asking the Court to direct the State to furnish the defendant with any and all evidence which was of an exculpatory nature or may be favorable to the accused. The defendant sought evidence that could be used to impeach the credibility of the State's witnesses, evidence which could reasonably tend to show that the accused did not commit the offense charged, and the prior inconsistent statements of any witnesses that the State intended to rely on during the trial. The defendant also filed a motion requesting the State to provide any statements of promises, inducements, or rewards made to the confidential informant, Carlos Linares, in return for his cooperation with the prosecution of the defendant. The State responded to the motions by providing the defendant with a copy of the confidential informant agreement which was entered into by the Town of West Warwick and Carlos Linares.
On March 5, 1996, a jury trial commenced before this Court. At the trial, Detective Sergeant Peter Appollonio and Detective Timothy Poulin testified regarding the events which transpired on the evening of May 8, 1995. Furthermore, Carlos Linares testified that on May 8, 1995, he encountered the defendant and that the defendant delivered heroin to him in exchange for thirty dollars. The jury found the defendant guilty on March 8, 1996.
The defendant filed a motion for a new trial on March 13, 1996, which was denied by this Court. On April 1, 1996, the defendant filed a notice of appeal to the Rhode Island Supreme Court. On May 24, 1996, the defendant filed a second motion for a new trial, based upon newly discovered evidence. The State objected to the motion. On May 31, 1996, judgment of conviction was entered by this Court, and the defendant was sentenced to ten years, two years to serve at the Adult Correctional Institution and eight years suspended and eight years probation to commence upon release. On February 13, 1997, the Supreme Court granted the defendant's motion to remand the matter to Superior Court for hearing on his motion for a new trial based upon newly discovered evidence.
In his motion for a new trial, the defendant contends that despite his requests that the State furnish any exculpatory evidence or evidence favorable to the accused, the State failed to do so completely. Specifically, the defendant asserts that the State failed to disclose that Carlos Linares alleged in three different cases brought against three different defendants that he had made drug buys on the same day at approximately the same time in three different places. The defendant further contends that the State failed to disclose the fact that Carlos Linares was living rent free in an apartment paid for by a law enforcement agency other than the West Warwick Police Department or that he had been convicted on making a false 911 call in 1993. Furthermore, according to the defendant, the State also failed to inform him that Carlos Linares utilizes several spellings of both his first and last names, has three social security numbers, and uses two dates of birth. Lastly, the defendant contends that only after trial did he discover that Mr. Linares was prohibited, by the terms of his probation, from working undercover as an informant without permission from the judge of the Texas court from which he received probation.
 Standard for Granting a Motion for a New Trial
Our Supreme Court has recognized that in order for a defendant to prevail on a motion for new trial based upon newly discovered or available evidence, the defendant must present to the Court evidence which satisfies a two-pronged test. State v. Hernandez,641 A.2d 62, 72 (R.I. 1994) (citing State v. Brown 528 A.2d 1098, 1104 (R.I. 1987)).
 "The first prong of this test consists of a four-part evaluation. If the. newly discovered evidence is to serve as the foundation for a new trial, (1) it must be newly discovered since trial, (2) the defendant must have been diligent in his or her attempts to discover the evidence for use at the original trial, (3) the evidence must not be merely cumulative or impeaching, but rather it must be material to the issue, and (4) the newly discovered evidence must be the type that would probably change the verdict at the new trial. If this four-pronged threshold analysis is satisfied, the trial justice must then determine whether the newly discovered evidence is "credible enough to warrant a new trial."'
In determining the credibility of the newly discovered evidence, the "trial justice must exercise his/her independent judgment as to the credibility of the "witnesses and the weight to be given their testimony." State v. Brown 528 A.2d at 1104 (citing Statev. Carsetti 111 R.I. 642, 652, 306 A.2d 166, 171-72 (1973)); see also State v. Binns 732 A.2d 114 (R.I. 1999), State v. Krakue,726 A.2d 458 (R.I. 1999), State v. Evans. 725 A.2d 283 (R.L 1999).
However, the requirements are less stringent when the prosecutor possesses evidence which he or she failed to disclose despite a duty to do so. See United States v. DeLuca 945 F. Supp. 409, 412 (D.R.I. 1996) (citing United States v. Sepulveda,15 F.3d 1216, 1220 (1st Cir. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 2714, 1 L.Ed.2d 840 (1994)). In such cases, a new trial may be warranted when the nondisclosure is material, meaning that there is a reasonable probability that the evidence would have produced a different result. See Kyles v. Whitney, 514 U.S. 419
(1995); see also United States v. Bagley 473 U.S. 607 (1983). Our Supreme Court has held that the defendant must show there is a significant chance that the use and development of the withheld evidence by skilled counsel at trial would have produced a reasonable doubt in the minds of enough jurors to avoid a conviction. See State v. Burke, 574 A.2d 1217, 1226 (RI. 1990) (citing In re Ouimette 115 R.I. 169, 342 A.2d 250 (1975)).
 Defendant's Motion For a New Trial
In his motion the defendant contends that his conviction depends solely upon the testimony and credibility of Carlos Linares. According to the defendant, the State's entire case rests upon the credibility of Carlos Linares, and therefore, the thrust of the entire defense was that Carlos Linares was a person with no credibility and a person whom the jury should not have believed beyond a reasonable doubt. As such, the defendant contends that he was prejudiced by the State's failure to disclose fully all evidence in its possession since certain evidence would have had made a significant difference in the jury's deliberations concerning the credibility of Carlos Linares.
The appellant initially asserts that the State failed to disclose that Carlos Linares alleged in three different cases brought against three different defendants that he had made drug buys on the same day at approximately the same time in three different places. While the evidence could be viewed as newly discovered since trial, this Court questions whether the defendant was diligent in attempting to obtain this evidence. The State argues that the evidence is not newly discovered since the defendant knew prior to trial that the cooperation of Carlos Linares with the West Warwick Police Department had resulted in the arrest and prosecution of numerous defendants. Furthermore, it is the State's contention that, through the exercise of due diligence, the defendant could have spoken to the other defendants, their attorneys, or other interested parties and/or requested transcripts. This Court is inclined to agree. However, even if the evidence were newly discovered and the defense were diligent in its attempt to obtain the evidence, this Court finds that it fails to meet the materiality standard. Nothing in the testimony from the three hearings relates directly to the events in the instant matter and, in fact, unlike the situation present in those cases, in the instant case, the defendant does not deny meeting with Carlos Linares on May 8, 1995, at approximately 6:00. Therefore, this Court finds that the evidence would not be material, but rather would be cumulative and impeaching since it does not give rise to a reasonable probability that a different result would have been reached if the evidence had been in the possession of the defendant at the time of trial. Accordingly, the Court finds that this evidence does not warrant a new trial.
In applying the requisite legal test to the evidence that Carlos Linares was convicted of making a false 911 call in 1993, this Court finds that the evidence is newly discovered since trial but is cumulative and impeaching rather than material. At trial, Carlos Linares was questioned extensively concerning his prior criminal convictions. The fact that he made a false 911 call in 1993 does not go to the merits of the charge against the defendant, but rather merely serves to further impeach his credibility. Further, the defendant has failed to demonstrate that this evidence, had it been available at trial, could have raised reasonable doubt in the minds of one or more jurors and would probably have led to an acquittal. Accordingly, this Court finds that this evidence does not warrant the granting of a new trial.
With respect to the evidence that Carlos Linares was prohibited from acting as an informant by the terms of his probation, this Court finds that this is newly discovered evidence but would probably not result in a change of verdict at the new trial, as required by the fourth prong of the test. Despite the fact that Carlos Linares was prohibited from acting as an informant, the jury heard testimony that he was acting as a confidential informant. Carlos Linares, Detective Sergeant Peter Appollonio, and Detective Timothy Poulin all testified that on the evening on May 8, 1995, Carlos Linares met with the defendant as a confidential informant for the West Warwick Police Department. The defendant even acknowledges that Carlos Linares was a paid informant for the West Warwick Police Department and was responsible for 60-65 narcotics arrests during the period of January 1995 to May 1995. Accordingly, the only purpose this evidence could serve would be to further impeach Carlos Linares. A new trial is therefore not warranted based upon this evidence.
In applying the requisite legal standard to the evidence that a law enforcement agency was paying the rent for Carlos Linares's apartment and that Carlos Linares utilizes several spellings of both his first and last names, has three social security numbers, and uses two dates of birth, this Court finds that the evidence neither singularly, nor cumulativly warrants the granting of a new trial since the evidence would only serve to further impeach the testimony of Carlos Linares.
After review of the evidence presented at trial and after full consideration of the arguments presented by the parties, this Court finds that the defendant has failed to present sufficient evidence to sustain his burden under the requisite legal test as enunciated by our Supreme Court in State v. Brown and its progenies. Accordingly, the defendant's motion for a new trial based upon newly discovered evidence must be and is denied.
After entry of an order consistent herewith, this case is to be returned forthwith to the Supreme Court.