**STATE of Rhode Island**

v.

**Daniel ARRUDA.**

**No. 99–552–C.A.**

Supreme Court of Rhode Island.

Oct. 17, 2001.

Aaron L. Weisman, Providence.

Paula Rosin, Providence.

**O R D E R**

Daniel Arruda was tried before a Superior Court trial jury and convicted on charges of first and second degree sexual assaults. Following the denial of his motion for a new trial, and imposition of sentences, he appeals. He contends here that he was denied a fair trial. His alleged claims of error concern the admission into evidence of two photographs depicting the injuries that his victim testified were inflicted upon her by Arruda, and the admission of statements made by the victim to two witnesses shortly following her escape from Arruda's vehicle, that was parked at the town of Johnston landfill site.

Following a prebriefing conference before a justice of this Court, both Arruda and the state were ordered to appear and show cause why this appeal should not be summarily decided. The parties, pursuant to that order, did appear, and they were heard. Thereafter, we concluded that cause had not been shown and we proceed now to summarily decide the appeal.

**Facts**

On March 19, 1997, Deborah Clark, who resided in Woonsocket, came to Providence to be interviewed for employment. Following that interview, she went "bar hopping" with some friends, and because of the time spent at the local establishments where distilled liquors are graciously dispensed to patrons, she was late in getting to the "bus stop" in Kennedy Plaza where she had missed the last bus to Woonsocket.

Along came Arruda. He introduced himself to Ms. Clark, and she informed him of her plight. Arruda graciously pretending to be the gentleman that he was not, gallantly offered to drive her to Woonsocket. In order to alleviate any hesitation or fears on Ms. Clark's part, he told her that she would be "safe," because he was married with two children and happened to be going to his home which was in the direction of Woonsocket. She foolishly succumbed to Arruda's invitation.

The penalty for that foolishness was that instead of driving Ms. Clark to Woonsocket, Arruda drove her to the Johnston landfill site. On the way to the landfill when Ms. Clark had questioned the direction of Arruda's travel, he responded to her inquiry by punching her in the face, opening the car door while it was traveling, and telling her that she could "jump out of the car if she chose." She chose not to do so, and later at the landfill site, she was forced to perform various sexual acts upon Arruda. After being held virtual hostage in Arruda's vehicle for several hours, Clark heard voices and the start of a nearby motor truck engine. She jumped out of Arruda's vehicle and ran toward the direction from which the motor engine sound was heard, and was all the while screaming for help. As Ms. Clark was running from the vehicle, it suddenly sped away from the landfill site. An employee of a nearby trucking company was able to obtain its license number which led to Arruda's later arrest.

Arruda raises two issues on appeal. First, he argues that the trial justice erred by allowing into evidence photographs of Ms. Clark taken one day after the incident. Second, he asserts that the trial justice should not have permitted the states' witnesses Gary Cote and Officer Dennis Spicuzza, a Johnston policeman, to testify about statements Ms. Clark made to them at the landfill site.

## I. The Challenged Photograph

On March 20, 1997, the morning of the assaults, four photographs were taken of Ms. Clark, and the following day two more photographs were taken. The defendant moved to exclude the two photographs taken on March 21, 1997 from being admitted into evidence because he claims that those pictures show the progression of Ms. Clark's injuries and were offered only to inflame the jury.

Rule 403 of our Rules of Evidence provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice to a defendant. Discretion is vested in the trial justice first to "determine the materiality or relevance of photographs" *State v. Bustamante,* 756 A.2d 758, 767 (R.I.2000), and then if found to be relevant, to determine whether their probative value is outweighed by the danger of any undue prejudice. *See State v. Belloli,* 766 A.2d 928, 930 (R.I.2001). Certainly all relevant evidence offered against a defendant has the potential of being prejudicial to the defendant, and our Rule 403 leaves to the trial justice the obligation to determine when and if it rises to the level of being unduly prejudicial. If it does rise to that level, then such evidence should not be admitted.

On the record before us, it appears clear that the trial justice properly considered that the state was required to prove that an act of unconsented sexual intercourse occurred between Arruda and Ms. Clark and whether it was accompanied by force and coercion. The photographs portray the severity of injuries Ms. Clark testified were inflicted upon her by Arruda so as to coerce her into committing the sexual acts she testified were forced upon her. In addition, they corroborate the injuries that Gary Cote testified he observed when she ran from Arruda's vehicle. The fact that the photographs were taken one day after the incident is irrelevant. What is material and relevant is that the nature of the progression of her injuries is indicative of the force originally used to inflict those injuries. This Court upholds a trial justice's discretion to admit inflammatory photographs if their probative value outweighs the prejudice. *See State v. Griffin,* 567 A.2d 796, 800–01 (R.I.1989). In this case, all of the photographs admitted depict injuries, but the two challenged photo-

graphs taken the day after the incident best illustrate the magnitude of force that was used. Since force exacted by Arruda as well as his credibility regarding whether, as he testified, the sexual acts were simply consensual were issues to be determined by the trial jury in this case, the trial justice did not err in admitting the photographs taken one day after the incident.

## II. The Challenged Hearsay

Rule 803(2) of our Rules of Evidence provides that a statement relating to a startling event made while the declarant is under the stress of the excitement caused by the event is admissible, being an exception to the hearsay rule. The defendant argues that Ms. Clark's statements to Mr. Cote and Officer Spicuzza lack the element of spontaneity, making them unreliable and inadmissible. Considering her appearance and emotional state at about 4:30 a.m., which the witnesses corroborate, Ms. Clark clearly could be determined to have been laboring under the stress of her recent experience. The advisory committee notes following Rule 803 explain that to qualify as an excited utterance the time period between the event and the making of the statement is a relative consideration that is left to the trial justice's discretion, and if "the trial justice is satisfied that the declarant was still laboring under the stress of the nervous excitement when he or she spoke" the statement will be admissible. *See* Advisory Committee's Note to R.I. R.Evid. 803 (quoting *State v. Creighton*, 462 A.2d 980, 983 (R.I.1983)).

We will not second guess a trial justice's discretion to admit or deny admission of an excited utterance, unless and until we are convinced that he or she was clearly wrong. *State v. Krakue*, 726 A.2d 458, 462 (R.I.1999) (per curiam). Recently this Court held that statements by a nursing home patient made only after he had calmed down from an earlier excitable experience would be admissible as excited utterances because the "guarantee of trustworthiness [for the excited-utterance exception] is assured as long as the declarant made the statement as an 'instinctive outpouring' or an 'effusion.'" *State v. Oisamaiye*, 740 A.2d 338, 339 (R.I.1999) (quoting *State v. St. Jean*, 469 A.2d 736, 738 (R.I.1983)). Given the corroborating nature of the overall testimony given by Gary Cote and Officer Spicuzza concerning Ms. Clark's appearance, her injuries, and nature of the spontaneous utterances she made to them, we are satisfied that the trial justice did not err in permitting Mr. Cote and Officer Spicuzza to testify about the statements Ms. Clark made to them.

The defendant's appeal is denied and dismissed, his conviction is affirmed, and the papers of this case are remanded to the Superior Court.