## STATE

### v.

## Leothong SIKHAOLOUANGLATH.

### No. 96–74–C.A.

Supreme Court of Rhode Island.

Oct. 17, 1996.

Andrea Mendes, Aaron Weisman, Providence.

Paula Lynch Hardiman, Paula Rosin, Providence.

## ORDER

This case came before the Supreme Court for oral argument on October 9, 1996, pursuant to an order that directed the defendant, Leothong Sikhaolouanglath, to show cause why the issues raised in his appeal should not be summarily decided. The defendant appealed from a Superior Court finding that the defendant had violated the terms of his probation. In consequence thereof, the trial justice removed the suspension of the defendant's sentence and ordered him to serve 32 months in prison. The defendant appealed on the basis first, that the trial justice erred in denying his motion to dismiss the presentment of a Rule 32(f) notice based on its failure to identify the defendant, and second, that the evidence was insufficient to establish that the defendant violated the terms and conditions of his probation.

After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel, we are of the opinion that cause has not been shown and the appeal will be decided at this time.

While on probation, defendant was charged with delivery of cocaine, a controlled substance. Prior to the violation hearing, defense counsel moved to dismiss the probation violation notice on the grounds that the state did not properly identify defendant in the notice and, consequently, that the State had failed to give proper notice to the defendant in violation of Super.R.Crim.P. 32(f). The trial justice denied the motion and subsequently, a violation hearing was held on October 3, 4, 5 and 16, 1995.

At the conclusion of the violation hearing, the trial justice reviewed the evidence and concluded that the defendant had violated the terms and conditions of his probation. The defendant filed a timely appeal.

As to the first issue, defendant contended that the Rule 32(f) notice with police statements and reports attached were insufficient to identify the appellant and thereby insufficient to put him on notice to defend himself against the charges. Rule 32(f) provides in pertinent part:

"Prior to the hearing the State shall furnish the defendant and the court with a written statement *specifying the grounds* upon which action is sought under this subdivision." (Emphasis added.)

"The process due for probation-revocation hearings is less formal than the full panoply of rights afforded at criminal trial." *State v. Desrosiers*, 559 A.2d 641, 643 (R.I.1989). Only the "minimum due-process requirements" are needed: "notice of the hearing, notice of the claimed violation, the opportunity to be heard and present evidence in defendant's behalf, and the right to confront and cross-examine the witnesses against the defendant." *State v. Bourdeau*, 448 A.2d 1247, 1249 (R.I.1982) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972)). This court has held that failure to comply with the notice requirement in Rule 32(f) may be grounds for reversal of a finding of a violation. *State v. Desrosiers*, 559 A.2d at 643. Where the actual notice is sufficient to satisfy due-process rights, however, this court will not overturn a finding of violation for technical noncompliance with Rule 32(f). *Id.*

In the present case, the Rule 32(f) notice named defendant as a violator of a previously imposed sentence. The Rule 32(f) notice stated: "See the reports from the Woonsocket Police Department." Those reports were attached to the Rule 32(f) notice and included the complaint that charged the defendant with delivery of cocaine to Detective Edward J. Lee of the Woonsocket Police Department. The Rule 32(f) notice, along with the report from the Woonsocket police department, clearly set forth the grounds upon which defendant was being charged. Although the notice did not describe defendant, his name was stated and by reference to the attached reports, defendant was adequately put on notice as to why he was being charged as a violator. Therefore the requirements set forth in Rule 32(f) were satisfied.

On the second issue, defendant contended that there was insufficient evidence to establish that he violated the terms and conditions of his probation. The defendant argued that

because no money or drugs were found in his possession when he was arrested, and because the detective's testimony that he kept the defendant under surveillance was not credible, there was insufficient evidence to connect defendant to the crime.

At a probation-revocation hearing, the prosecution need only establish a violation of probation by reasonably satisfactory evidence. *In re Lamarine,* 527 A.2d 1133, 1135 (R.I.1887). Moreover, this Court's review is limited to a consideration of whether the trial justice acted arbitrarily or capriciously in finding a violation. *Id.* In addition, this Court has stated that the weighing of evidence and assessment of the credibility of witnesses in a violation hearing are functions of the trial justice. *State v. Bourdeau,* 448 A.2d 1247, 1249 (R.I.1982).

In this case, the trial justice weighed the evidence and determined that the testimony of police officers was credible but that defendant's testimony was not credible. We are of the opinion that the trial justice did not act arbitrarily or capriciously in finding to his reasonable satisfaction that there existed adequate evidence to conclude that defendant had violated the terms of his probation.

Therefore, we deny and dismiss the defendant's appeal and affirm the judgment of the Superior Court to which we remand the papers in the case.