STATE

v.

**Arthur E. GODETTE.**

No. 98–501–C.A.

Supreme Court of Rhode Island.

May 15, 2000.

Lauren Sandler Zurier; Aaron L. Weisman, Providence, for Plaintiff.

Paula Lynch Hardiman, Paula Rosin, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, Arthur E. Godette (Godette), appeals from a Superior Court hearing justice's denial of his motion to dismiss a criminal information charging him with possession of a stolen vehicle pursuant to G.L.1956 § 31–9–2. Godette asserts that he should not be tried for the offense of possessing a stolen vehicle because an earlier violation hearing had exonerated him from the charge of driving that same stolen vehicle without consent of the owner. His appeal came before the Court for oral argument on March 8, 2000,

pursuant to an order that had directed both parties to appear in order to show cause why the issues raised in the appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised in this appeal should be decided at this time.

## I

### Facts and Travel

On the morning of November 17, 1997, at approximately six o'clock, Saraan Loch (Loch) was driving to his workplace in his Plymouth van. On the way, he decided to stop and purchase some food at a Vietnamese restaurant located on Broad Street in Providence. Because it was a cold day, he decided to leave the keys in the ignition of the van, with the engine running, in an effort to keep the van warm. His decision would prove to be ill-advised. After about five minutes in the restaurant, Loch emerged, only to find his van nowhere in sight. He reported the van stolen to the Providence Police.

By some coincidence, Im Um Loch, Loch's wife, was driving on Cranston Street in Providence with their son Sarrem five days after the theft of Loch's van. In the course of their travel, Sarrem noticed a van, very similar to his father's van, parked at the curb. He called his mother's attention to this startling development, and they drove past the van and positively identified the vehicle as theirs. At that same moment, a Providence police officer, Donnie Ashley, happened by the scene and was flagged down by the Lochs, who informed him that they had located and identified their stolen van. During this conversation, Godette appeared in the vicinity of the van, approached it, unlocked the driver's side door, and got into the vehicle. Officer Ashley, in an attempt to prevent Godette's anticipated flight, maneuvered his police cruiser in front of the still-stationary van, blocking its path, and proceeded to detain Godette and two other individuals who were sitting in the van with Godette. At the time Godette was detained, the keys to the van were in the ignition and the van's motor was running. After confirming that the van had been stolen, Officer Ashley arrested Godette, who was charged with driving the van without the consent of the owner, in violation of § 31–9–1.[1]

The state subsequently filed and served Godette with a statement pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure, notifying him of the state's intention to present him as a probation violator in Superior Court based on the above charge. At Godette's violation hearing, however, the state's prosecutor asserted that the state had amended the Rule 32(f) complaint to charge him with possession of a stolen vehicle, instead of the offense of driving without the consent of the owner. The hearing justice found that the state had not formally amended the notice of violation, and that "Rule 32(f) requires unequivocally that the State furnish the defendant and the Court with a written statement specifying the grounds upon which the violation is premised." Thus, the hearing justice incorrectly felt herself constrained to consider only the original notice of violation against Godette and, on that original charge, found that "there is insufficient evidence in this record * * * to establish that this defendant 'drove' the motor vehicle which the State asserts was stolen." She therefore concluded that without this necessary element of the charge, the evidence was insufficient to establish the claim of violation.

■ We believe, contrary to the hearing justice's concerns about the state's attempt

---

1. General Laws 1956 § 31–9–1 provides in part: "[a]ny person who drives a vehicle, not his or her own, without the consent of the owner or lessee thereof, and with intent tem-porarily to deprive the owner or lessee of his or her possession of the vehicle, without intent to steal the vehicle, is guilty of a felony."

to amend its Rule 32(f) notice, that the original Rule 32(f) notice that Godette received in this case, coupled with the attached police report, were sufficiently similar to the amended charge of possession of a stolen vehicle—instead of the original charge of driving a vehicle without the consent of its owner—to substantially satisfy Rule 32(f)'s notice requirement. Thus, the state reasonably complied with its obligation to provide prior notice in the form of a written statement when, as here, the initial written statement provided to the defendant involved a substantially similar charge relating to the same date, the same occurrence, the same physical evidence, and the same witnesses as in the amended charge. *See State v. Desrosiers,* 559 A.2d 641, 643–44 (R.I.1989); *State v. Franco,* 437 A.2d 1362, 1364–65 (R.I.1981).

■ It is also clear from the record before us that the hearing justice misconceived her role at the violation hearing. She was not required at that hearing to determine the validity of the underlying charge against Godette, but instead, was to determine only whether in her discretion Godette's conduct on the day in question had been lacking in the required good behavior expected and required by his probationary status. *State v. Bourdeau,* 448 A.2d 1247, 1249 (R.I.1982) (citing *State v. Studman,* 121 R.I. 766, 767, 402 A.2d 1185, 1186 (1979)). Indeed, pursuant to Rule 32(f), the hearing justice is not permitted to decide the merits of the underlying charge. Rather, "the court determines whether a defendant has failed to keep the peace and to remain on good behavior, which he or she must do in order to stay on probation." *State v. Hie,* 688 A.2d 283, 284 (R.I.1996) (quoting *State v. Pinney,* 672 A.2d 870, 871 (R.I.1996)).

The state subsequently charged Godette with possession of a stolen vehicle in viola-

tion of § 31–9–2.[2] In response, Godette filed a motion to dismiss, asserting that the filing of the state's new charge was barred by the doctrine of collateral estoppel and amounted to double jeopardy. Specifically, he asserted that the earlier finding of non-violation concerning the charge of driving a motor vehicle without the consent of the owner necessarily entailed a finding by the hearing justice that the state failed to show he possessed a stolen vehicle on November 22, 1997.

The justice at the hearing on the motion to dismiss, who also presided at Godette's earlier violation hearing, found, however, that "the only issue decided by the Court [in the violation hearing] was that there was insufficient evidence to reasonably satisfy the Court that the defendant was the operator of the vehicle in question." She therefore denied the defendant's motion to dismiss, concluding that because "the new charges in this case are different from those which formed the basis of the alleged violation," the state was not collaterally estopped from bringing those subsequent charges and that Godette's rights against double jeopardy were not impinged.

II

The Collateral Estoppel Claim

■ Godette first asserts that the doctrine of collateral estoppel precludes the state from relitigating an issue that had been necessarily decided in his earlier violation hearing. We preface our analysis of the matter by noting that we have jurisdiction over this appeal pursuant to *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). "Ordinarily a denial of a motion to dismiss a criminal action is not a final judgment from which an appeal may be taken. However, when the

---

2. Section § 31–9–2(a) provides in part:
"Any person who, with intent to procure or pass title to a vehicle which he or she knows or has reason to believe has been stolen or unlawfully taken, receives or transfers possession of the vehicle from or to another, or who has in his or her possession any vehicle which that person knows or has reason to believe has been stolen or unlawfully taken * * * is guilty of a felony."

motion to dismiss is based upon double-jeopardy and collateral-estoppel grounds, we allow an immediate appeal." *State v. Wiggs*, 635 A.2d 272, 275 (R.I.1993).

It is well settled that for the doctrine of collateral estoppel to apply to a subsequent proceeding, three key requirements must be demonstrated. For a party to be collaterally estopped from relitigating an issue, "[t]here must be an identity of issues[,] the prior proceeding must have resulted in a final judgment on the merits[,] and the party against whom collateral estoppel is sought must be the same as or in privity with a party in the prior proceeding." *Taylor v. Delta Electro Power, Inc.*, 741 A.2d 265, 267 (R.I.1999) (quoting *Garganta v. Mobile Village, Inc.*, 730 A.2d 1, 4 (R.I.1999)).

Although we recognize the applicability of the doctrine of collateral estoppel in a Rule 32(f) proceeding, *State v. Chase*, 588 A.2d 120, 122–23 (R.I.1991), in this case we believe that the defendant has not demonstrated that the identity of issues exists pursuant to *Garganta*, and thus collateral estoppel may not be invoked. Under an identity-of-issues analysis, three additional factors must be considered: "first, the issue sought to be precluded must be identical to the issue decided in the prior proceeding; second, the issue must actually have been litigated; and third, the issue must necessarily have been decided." *Hie*, 688 A.2d at 285 (quoting *Chase*, 588 A.2d at 123). We note from the record before us that the hearing justice, during the motion to dismiss, specifically found that:

> "[b]y confining the violation hearing to the question of whether the defendant operated a motor vehicle without the owner's consent and by expressly refusing to allow the violation to be expanded and to be based on an allegation of possession of the stolen motor vehicle, the Court could not have decided and in fact did not decide the issue in this case pending trial; namely, whether the defendant had possession of a vehicle,

which he knew or had reason to believe was stolen or unlawfully taken."

We are of the opinion that during the violation hearing, the trial justice correctly limited her inquiry and determination to the original § 31–9–1 charge, and consequently we believe there can be no identity of issues between the two proceedings. Heeding the United States Supreme Court's observation that "collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality," *Hie*, 688 A.2d at 284–85 (quoting *Ashe v. Swenson*, 397 U.S. 436, 444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970)), we suffice to say that Godette's first violation hearing pursuant to the original Rule 32(f) charge simply turned on the state's ability to demonstrate that Godette operated the van without the consent of its owner, with the intent to deprive the owner of possession, at least temporarily. The hearing record reveals that because the state could not demonstrate that Godette actually drove the van, the violation was dismissed. The issue in the second proceeding, however, involved litigation of proof that Godette had possession of a motor vehicle that he knew or had reason to know was stolen or unlawfully taken. In sum, because we discern absolutely no identity in the issues between the two proceedings, we conclude that the defendant's collateral estoppel contention is without merit.

## III

### The Double Jeopardy Claim

Godette next asserts that the state is prohibited from charging him with possession of a stolen vehicle because that charge is a lesser included offense of driving a vehicle without the consent of the owner. He argues that the finding of non-violation at the Rule 32(f) hearing thus precludes the state from prosecuting on the lesser charge of possession of a stolen vehicle.

A lesser included offense is an offense "that does not require proof of any additional element beyond those required by the greater offense." *State v. Rodriquez*, 731 A.2d 726, 729 (R.I.1999) (quoting Black's Law Dictionary 902 (6th ed.1990)). Similarly, we have held that to determine of the existence of a separate, as opposed to a lesser included offense:

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *State v. Davis,* 120 R.I. 82, 86, 384 A.2d 1061, 1064 (1978) (quoting *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932)).

In the case at bar, it is clear that possession of a stolen vehicle pursuant to § 31–9–2 is a wholly distinct and separate offense from, and thus not a lesser included offense of, driving without consent pursuant to § 31–9–1 because each charge requires proof of an element that the other does not. Specifically, and dispositive to this appeal, possession of a stolen motor vehicle does not require proof of the element of driving. Conversely, driving without consent does not require judicial determination of whether the defendant possessed a vehicle that he knew or had reason to know was stolen or unlawfully taken.[3] Therefore, we conclude pursuant to *Blockburger,* that possession of a stolen vehicle is not a lesser included offense of driving a vehicle without the consent of the owner, and double jeopardy cannot attach to the state's anticipated prosecution of the defendant in this case for that charge.

For the reasons stated above, the defendant's appeal is denied and the order of the Superior Court declining to dismiss the charge of possession of a stolen motor vehicle is affirmed.

---

3. Additionally, the applicable criminal sanctions for possession of a stolen motor vehicle are substantially harsher than those sanctions for driving a motor vehicle without the consent of the owner, further rendering nugatory the defendant's lesser included offense argument.