**STATE**

v.

**William MENDEZ.**

**No. 2000–459–Appeal.**

Supreme Court of Rhode Island.

Feb. 1, 2002.

Aaron L. Weisman, Providence, for Plaintiff.

Michael C. Judge, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on December 3, 2001, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and considering the memoranda of the parties, we conclude that cause has not been shown. Accordingly, we shall decide the appeal at this time.

William Mendez (Mendez or defendant) appeals from a judgment of violation of probation arising from a charge of breaking and entering into the home of Sandra Kuilan (Kuilan or victim) on January 3, 2000, and assault with a dangerous weapon, a knife, resulting in a wound to her hand and throat. On appeal, defendant asserts that the hearing justice should have disqualified himself from the hearing because, during his tenure as the public defender for the State of Rhode Island, a member of the public defender's office represented defendant at an event unrelated to this violation hearing. Second, defendant argues that he was never positively identified as the perpetrator of the underlying offense, and that the police officer's testimony about the victim's identification at the scene was inadmissible hearsay that violated his right to confrontation. Finally, Mendez argues that he was not afforded proper notice of the violation pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure. We conclude that defendant's arguments are without merit and affirm the judgment.

■ The defendant raises for the first time on appeal the argument that the hearing justice should have disqualified himself from the hearing because he was the public defender when defendant was represented by that office at an earlier

warrant cancellation proceeding.[1] "It is axiomatic that 'this Court will not consider on issue raised for the first time on appeal that was not properly presented before the trial court.'" *Miguel v. State*, 774 A.2d 19, 21 (R.I.2001) (quoting *State v. Breen*, 767 A.2d 50, 57 (R.I.2001)). At no point during the underlying probation violation hearing did defendant feel compelled to bring to the hearing justice's attention the existence of any possible conflict. As a result, he may not do so now.

■ The defendant next argues that he was never positively identified as the perpetrator and that the police officer's testimony about the victim's on-scene identification was inadmissible hearsay that violated his right to confrontation. The police officer's recitation of the victim's statements at the scene that identified defendant as the perpetrator of the crime, is admissible as an excited utterance under Rule 803(2) of Rhode Island Rules of Evidence. An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." *Id.* A statement need not be strictly contempo- raneous with the startling event to qualify as spontaneous, "so long as it was made while the declarant 'was still laboring under the stress of [the] * * * experience.'" *State v. Krakue*, 726 A.2d 458, 462 (R.I. 1999) (quoting *State v. St. Jean*, 469 A.2d 736, 738 (R.I.1983)). Further, "[w]hether a hearsay statement is admissible as an excited utterance is left to the sound discretion of the trial justice and 'any decision made by a trial justice concerning the admission of excited utterances shall not be overturned unless clearly wrong.'" *State v. Verrecchia*, 766 A.2d 377, 390 (R.I. 2001) (quoting *State v. Perry*, 574 A.2d 149, 151 (R.I.1990)). In this case, the police officer testified that he found Kuilan bleeding from the neck, "hysterical, crying [, and] very upset." While laboring under the stress of this traumatic event, the victim identified defendant as the perpetrator. We are satisfied that the hearing justice was not clearly wrong in allowing this testimony.

■ Finally, the defendant argues that he was not placed on proper notice concerning his alleged violation. It is well settled that a violation hearing "is not part of a criminal prosecution, and, thus, does

1. The entirety of defendant's argument on this issue was a recitation of Article VI, Canon 3E(1)(b) of the Supreme Court Rules of Judicial Conduct, "Disqualification." As the commentary to this rule makes clear, "A lawyer in a government agency does not ordinarily have an association with other lawyers employed by that agency within the meaning of Section 3E(1)(b); a judge formerly employed by a government agency, however, should disqualify himself or herself in a proceeding if the judge's impartiality might reasonably be questioned because of such an association." The defendant suggests that the hearing justice's impartiality might be reasonably questioned because of his prior service as the public defender. An examination of the file in this case, however, reveals how truly specious a claim defendant has raised. At no point while he was the public defender did the hearing justice have any direct contact with defendant, nor is there any evidence that he had any actual knowledge of defendant's case. It would further appear that in the long history of defendant's encounters with the criminal justice system, the entirety of the office's involvement was limited to a single appearance at a warrant cancellation proceeding for which a private attorney ultimately represented the defendant. No attorney from the office of the public defender entered an appearance on defendant's behalf. This falls far short of the type of attorney-client relationship contemplated by the rule. We hardly see that an attorney-client relationship ever was consummated by this brief bail setting appearance such that the impartiality of a trial justice relative to the matter before him reasonably could be questioned.

not call for the full panoply of rights due a defendant in such a criminal proceeding." *State v. Bourdeau*, 448 A.2d 1247, 1248 (R.I.1982). However, because a revocation of probation may result in a loss of liberty, certain minimum due-process requirements must be met, including notice of the claimed violation. *Id.* at 1248–49. The defendant argues to this Court that he was not properly notified that he also could be found to be a probation violator for reckless driving and eluding a police officer on May 4, 2000. This simply is a misstatement of fact. The Rule 32(f) violation report notified the defendant of the allegations contained in the police report from the Providence Police Department, and a description of the chase from which those charges stemmed was also included. Mendez clearly was notified that this conduct would also be an appropriate subject of his violation hearing. Therefore, we reject the defendant's third and final claim for relief.

Accordingly, the defendant's appeal is denied and dismissed. The judgment is affirmed and we remand the papers in this case to the Superior Court.