STATE,

v.

Paul CAMPBELL.

No. 2002–411–C.A.

Supreme Court of Rhode Island.

Nov. 4, 2003.

Paula Lynch, Esq., for Plaintiff.

Marcy E. Coleman, Esq., for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

This appeal questions the adequacy of a probation-violation notice. It also faults the hearing magistrate's failure to hold a separate hearing to consider whether to suppress evidence of certain inculpatory statements that the defendant, Paul Campbell, provided to the police. The defendant appeals from the Superior Court judgment that revoked his probation and ordered him to serve nine years of a previously suspended sentence. He contends that the magistrate who presided at the revocation hearing acted arbitrarily and capriciously in concluding that he violated the terms of his probation by participating in the robbery of a Cumberland general store.

On appeal, defendant raises two issues. First, he suggests that the state provided inadequate notice to him under Rule 32(f) of the Superior Court Rules of Criminal Procedure,[1] thereby failing to inform him of the basis for the violation hearing. He also maintains that the alleged inadequate notice violated his right to due process. Second, defendant argues, the magistrate erred in denying his motion to suppress the custodial statement he provided to the police, in which he admitted participating in the robbery of a general store in Cumberland. The defendant insists that the magistrate should have conducted a separate hearing to determine whether defendant gave the statement knowingly, voluntarily, and intelligently, without threats or coercion. He asserts that the magistrate's denial of his motion to suppress this statement—without first holding a separate hearing thereon—violated his rights under the Fourth, Fifth, and Sixth Amendments to the United States Constitution.

The state counters that it provided defendant with more than adequate notice of the basis for the violation. Next, it asserts that the magistrate properly denied defendant's motion to suppress on two grounds. First, defendant presented no evidence at the revocation hearing to support his contention that the police used coercion to obtain his statement. Second, even assuming the police improperly obtained defendant's statement, the exclusionary rule does not apply to probation-revocation hearings. Thus, argues the state, the magistrate did not err in failing to hold a separate hearing to determine whether the statement was voluntary.

■ After a prebriefing conference, a single justice of this Court ordered the parties to show cause why we should not decide this appeal summarily. Because they have not done so, we proceed to resolve this appeal without further briefing and argument.

■ It is well settled that this Court will reverse a probation-violation finding only if the hearing justice acted arbitrarily or capriciously. *State v. Znosko*, 755 A.2d 832, 834 (R.I.2000) (per curiam). To find a probation violation, the hearing justice must be reasonably satisfied that the defendant violated one or more terms of his or her probation. *Id.* The hearing justice's role is not to determine the defendant's guilt or innocence with respect to the underlying incident or charge that triggered the violation hearing. *Hampton v. State*, 786 A.2d 375, 379 (R.I.2001). Instead, the only determination before the court is whether, in the hearing justice's discretion, the defendant's conduct " 'had been lacking in the required good behavior expected and required by his probationary status.' " *State v. Gautier*, 774 A.2d 882, 886–87 (R.I.2001) (quoting *Znosko*, 755 A.2d at 834–35). *See also State v. Santiago*, 799 A.2d 285, 288 (R.I.2002) (per curiam); *State v. Godette*, 751 A.2d 742, 745 (R.I. 2000) (per curiam).

# I

## Adequacy of the Notice for the Alleged Probation Violation

■ When the notice in question apprises the defendant of the underlying con-

1. Rule 32(f) of the Superior Court Rules of Criminal Procedure provides as follows:

   The court shall not revoke probation or revoke a suspension of sentence or impose a sentence previously deferred except after a hearing at which the defendant shall be afforded the opportunity to be present and apprised of the grounds on which such ac-

   tion is proposed. The defendant may be admitted to bail pending such hearing. Prior to the hearing the State shall furnish the defendant and the court with a written statement specifying the grounds upon which action is sought under this subdivision.

duct alleged to violate the terms of the probation, this Court will not vacate a hearing justice's determination of a probation violation for alleged technical noncompliance with Rule 32(f). *State v. Barber*, 767 A.2d 78, 80 (R.I.2001) (per curiam). "Procedural due process requirements are satisfied provided a defendant is afforded an opportunity to 'dispute the facts that are offered as proof of [the] violation' and 'to present evidence of factors mitigating against the reimposition of the suspended sentence.' " *Id.* (quoting *State v. Desrosiers*, 559 A.2d 641, 644 (R.I.1989)). "The minimum due-process requirements of a violation hearing call for notice of the hearing, notice of the claimed violation, the opportunity to be heard and present evidence in defendant's behalf, and the right to confront and cross-examine the witnesses against defendant." *State v. Bourdeau*, 448 A.2d 1247, 1249 (R.I.1982).

■ The defendant suggests that this Court should retreat from *Godette* and *Znosko* for two reasons. First, he argues, these cases improperly broaden the bases for finding a probation violation. He asserts that these cases allow a judge to adjudicate a probation violation for any conduct that does not comport with good behavior without defining the scope of good behavior or delineating any specific criteria for finding a violation of same. Second, defendant contends that lower courts have become "sloppy" in demanding compliance with the Rule 32(f) notice requirement. As a result, in his case, he posits that the lack of strict adherence to the notice requirement violated his constitutional right to due process.

These cases, however, do not negate or compromise the notice requirement. They merely elevate the substance of an asserted violation over the form of the state's technical compliance or noncompliance with Rule 32(f). In *Znosko*, 755 A.2d at 834, the Court held that the hearing justice was not required to make a finding on the underlying criminal charge, but may take into account the circumstances surrounding the charged misconduct. The state in *Znosko* presented the defendant as a violator for attacking another man at a barbecue. *Id.* at 833. The defendant admitted he was in possession of a pocket knife, and that he used marijuana at the party. *Id.* at 834. Furthermore, he acknowledged his participation in the altercation, but he alleged that he was acting in self defense. *Id.* at 833. This Court upheld the finding of a violation because we were satisfied that the defendant's conduct was not within the realm of good behavior contemplated by his probation agreement. *Id.* at 835. We also noted that

"the information that composed the grounds for the hearing justice's determination of defendant as a violator was contained within the Rule 32(f) statement that was provided to defendant. Therefore, defendant was adequately put on notice of the grounds for the violation, and the requirement of Rule 32(f) and its minimal due-process standards were satisfied." *Znosko*, 755 A.2d at 835.

In *Godette*, 751 A.2d at 744, the state gave the defendant a Rule 32(f) notice in which it presented him as a violator for driving a vehicle without the consent of the owner. At the violation hearing, the state asserted that it had amended the ground for the violation to possession of a stolen vehicle. *Godette*, 751 A.2d at 744. The hearing justice ruled that because the state had not formally amended its notice, it had to proceed on the original ground. *Id.* On appeal, this Court reversed because the amended notice contained a substantially related charge arising from the same occurrence, identical physical evidence, and identical witnesses to the original no-

tice. *Id.* at 745. Consequently, we held that the state had reasonably complied with the Rule 32(f) notice requirement. *Godette,* 751 A.2d at 745.

In *State v. Sikhaolouanglath,* 683 A.2d 376, 377 (R.I.1996) (mem.), the defense moved to dismiss the probation-violation notice because the state failed to provide a notice that technically complied with Rule 32(f). The state served the defendant with a Rule 32(f) notice that merely stated: "See the reports from the Woonsocket Police Department," *Sikhaolouanglath,* 683 A.2d at 377; but it also attached to the notice the police reports related to the charged misconduct. *Id.* Although the notice did not detail the specific charges against him, the attached reports included all relevant information pertaining to the charged misconduct. *Id.* As a result, this Court held that the state had satisfied the Rule 32(f) notice requirement because the notice sufficiently apprised the defendant of the alleged misconduct that triggered the violation hearing. *Sikhaolouanglath,* 683 A.2d at 377.

Here, defendant received an almost identical notice to the one that the defendant received in *Sikhaolouanglath.* On January 10, 2002, the state served defendant with a Rule 32(f) notice stating "See report from Cumberland PD." As defendant conceded, the state attached the relevant police reports to the notice. Thus, unlike *State v. Lanigan,* 114 R.I. 514, 517–18, 335 A.2d 917, 919–20 (1975) (overturning trial court's finding that state complied with Rule 32(f) because defendant received absolutely no notice of the alleged violation until the police apprehended him and presented him as a violator before the hearing justice), the state provided defendant with sufficient notice of the underlying factual basis for the alleged probation violation. In addition, the state provided defendant with the grand jury tapes and the list of witnesses it planned to call at the violation hearing. Finally, the state reviewed each piece of the violation package with defendant's counsel before the violation hearing. Given the wealth of information provided to defendant concerning the factual grounds for the alleged violation, we are convinced that he had more than adequate notice to prepare for the violation hearing.

## II

### Use of Defendant's Custodial Statement

■ Next, defendant argues that the magistrate erred in denying his motion to suppress a custodial statement that he gave to the Cumberland police. He contends that he provided that statement involuntarily as a result of police coercion. The defendant maintains that the hearing magistrate should have convened a separate evidentiary hearing to determine whether he gave the statement knowingly, voluntarily, and intelligently without threats or coercion. The defendant cites *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Escobedo v. Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); and *Johnson v. New Jersey,* 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) to support his contention.

■ Although these cases prevent illegally obtained statements from being introduced as evidence at a criminal trial, a probation-revocation hearing is not a criminal trial. *Barber,* 767 A.2d at 80. Assuming, *arguendo,* that the police illegally obtained defendant's statement, the law is well settled that the exclusionary rule does not apply to probation-violation hearings. *See, e.g., State v. Spratt,* 120 R.I. 192, 194, 386 A.2d 1094, 1095–96 (1978) (collecting cases).[2] This Court has clearly stated that

---

**2.** The defendant contends that the *Spratt* hold-    ing does not extend to this case because

a violation hearing is civil in nature. *Barber*, 767 A.2d at 80. Consequently, the defendant is not entitled to "the full panoply of rights" inherent in a criminal trial. *State v. Mendez*, 788 A.2d 1145, 1147–1148 (R.I.2002) (per curiam) (quoting *Bourdeau*, 448 A.2d at 1248).

█ In any event, defendant presented no evidence that the police coerced his statement. On the contrary, he testified that he provided the statement to the police because he wanted to "help." He signed a "rights form" that contained not only his full signature but also his initials after each individual statement of his rights, thereby acknowledging that he was advised of these rights and that he understood them. Also, the actual statement contained defendant's initials at the bottom of each page. His signature further acknowledged that the police informed defendant of all rights to which he was entitled. Nevertheless, to "help," defendant chose to provide his written statement to the police admitting his involvement in the robbery of the general store.

█ Probation is intended to serve a rehabilitative function by allowing a defendant the opportunity to show by his conduct that incarceration is no longer necessary. See *Spratt*, 120 R.I. at 194, 386 A.2d at 1095. Extending the exclusionary rule to probation-revocation hearings and requiring the hearing justice to hold a separate hearing on whether to suppress evidence alleged to be illegally obtained would result, at least in some cases, in excluding evidence of the probationer's misconduct, thereby undermining this rehabilitative purpose. *Id.* It is possible that a convicted offender could remain at large

even though his or her continued bad behavior demonstrated a lack of rehabilitation or an inability to integrate into law-abiding society. *Id.* Therefore, whether the evidence in question arose from an alleged unreasonable search and seizure or an asserted involuntary confession, the hearing magistrate was not required to convene a separate hearing to decide whether to exclude such evidence because the exclusionary rule does not apply to inculpatory evidence presented at a probation-revocation hearing. Moreover, the court can address any challenges to the admissibility or weight of any such proffered evidence at the violation hearing itself.

## Conclusion

For these reasons, we affirm the judgment revoking the defendant's probation.

*Spratt* bars the application of the exclusionary rule only when the alleged infraction involved an illegal search and seizure, not an involuntary confession. This argument, however, overlooks that the exclusionary rule, when

applicable, applies to involuntary confessions as well as to illegal searches and seizures. *See State v. Caruolo*, 524 A.2d 575, 579 (R.I. 1987).