## STATE

v.

## Jerry R. HOUSE.

### No. 2005–78–C.A.

Supreme Court of Rhode Island.

Jan. 19, 2006.

Jane M. McSoley, Providence.

Marie T. Roebuck, Providence.

### ORDER

The defendant, Jerry R. House, appeals from a Superior Court ruling finding him in violation of the terms and conditions of his probationary status. On appeal, the defendant argues that the state did not present sufficient evidence to reasonably satisfy the hearing justice that he had violated the terms and conditions of his probation. For the reasons set forth below, we affirm the Superior Court judgment.

On August 17, 2004, defendant, who was then on probation, was charged with one

---

count of simple assault/domestic, in violation of G.L.1956 § 11–5–3 and G.L.1956 § 12–29–5. As a result of this charge, defendant was presented as a violator of his probationary status. On August 27, 2004, at a hearing in Superior Court, defendant was found to be in violation of his probationary status and was ordered to serve six months in prison. The defendant filed a timely notice of appeal.

At the time of the probation-violation hearing, defendant and the complaining witness, Brian Kielbasa, had known each other for approximately five years. According to the testimony of Mr. Kielbasa, the two had been good friends until they became roommates in an apartment in Bristol, Rhode Island. Approximately three months thereafter, defendant moved out of their shared apartment and left his television set behind. Mr. Kielbasa retained possession of the television for more than a year, claiming that defendant owed him money.

On August 15, 2004, defendant was driven by an acquaintance of his, Donald Botelho, to the home of Mr. Kielbasa's grandmother so that defendant could recover his television. The defendant approached Mr. Kielbasa and asked for the television, but Mr. Kielbasa refused to return the television until defendant paid him the money purportedly owed. At the violation hearing, Mr. Kielbasa testified that defendant then told him, "[Y]ou're making the worst mistake of your life," and pushed him into a bench. Mr. Botelho also testified at the hearing and stated that, from his vantage point in the parked vehicle in which he was waiting for defendant, he saw Mr. Kielbasa's hands go up in reaction to the exchange with defendant, and he added that he then saw defendant shove Mr. Kielbasa.

On the basis of the testimony of Mr. Kielbasa and Mr. Botelho, the hearing justice found that defendant had failed to keep the peace and be of good behavior, and he therefore concluded that defendant had violated the terms of his probation.

In reviewing a hearing justice's determination that a defendant has violated a condition of his probation, this Court will overrule the lower court only if it finds that the trial judge's determination was arbitrary, capricious, or clearly wrong. *See State v. Nania,* 786 A.2d 1066, 1068 (R.I.2001); *see also State v. Ferrara,* 883 A.2d 1140, 1144 (R.I.2005); *State v. Campbell,* 833 A.2d 1228, 1230 (R.I.2003). In the probation revocation context, the state is required to show only that a defendant's conduct was not in accordance with the good behavior expected of a person in a probationary status. *Ferrara,* 883 A.2d at 1144. It is not the hearing justice's role to determine whether a defendant is guilty of the underlying charge that triggered the probation-violation hearing. *Campbell,* 833 A.2d at 1230. It is well settled that a probation violation may be established by the production of reasonably satisfactory evidence. *See, e.g., Ferrara,* 883 A.2d at 1144; *State v. Silvia,* 836 A.2d 197, 200 (R.I.2003).

The defendant's aggressive conduct during the altercation with Mr. Kielbasa, particularly his shoving Mr. Kielbasa onto a bench, was not in accordance with the good behavior expected of a person on probation. The testimony of Mr. Kielbasa, as well as that of the defendant's own witness, Mr. Botelho, provided reasonably satisfactory evidence that defendant engaged in aggressive conduct. The hearing justice's determination to that effect was neither arbitrary nor capricious, and it was not clearly wrong. We therefore affirm the Superior Court's adjudication.