## STATE

v.

### Thaddeus TOLBERT.

### No. 2006–111–C.A.

Supreme Court of Rhode Island.

Nov. 16, 2006.

Aaron L. Weisman, Providence.

Paula Rosin, Providence.

## O R D E R

The defendant, Thaddeus Tolbert, appeals from a judgment of the Superior Court that found him in violation of the terms of his probation and imposed on him two years to serve in the Adult Correctional Institutions.

On September 4, 2002, Tolbert was sentenced to three years, one to serve, the remaining two suspended, with two years probation, following his third conviction on

---

charges of domestic assault and battery. He was presented before the Superior Court as a violator pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure on May 31, 2005.

At the violation hearing, which was conducted on June 14 and June 21, 2005, evidence was presented through several witnesses that, in the early morning of May 31, 2005, Tolbert went to the apartment of his girlfriend, Melissa Coite, kicked through the door to gain entry, and went upstairs. A witness, Tiffany Walaski, testified that when defendant discovered that Coite was not at home, Tolbert instructed her to "tell Melissa and her mother that I am going to * * * kill them." Walaski further testified that defendant kicked a table, punched the television, and, after she and another individual persuaded Tolbert to leave, that he ripped off the door jamb on his way out of the apartment and threw it across the street.

After hearing this evidence, the hearing justice found that defendant had violated the terms of his probation, and he imposed the remaining two years of Tolbert's sentence from the domestic assault and battery charge that previously had been suspended.

On appeal, defendant challenges the sufficiency of the evidence that was presented to adjudge him a violator. The defendant also assigns error to the fact that the hearing justice allowed hearsay evidence from Officer Poncia, a responding officer, who testified that Walaski told her that Tolbert was the person who had kicked in the door.

"Our review of a probation-revocation decision is limited to a determination of whether the hearing justice's decision was arbitrary or capricious." *State v. Rivera,* 873 A.2d 115, 118 (R.I.2005). The hearing justice need only be reasonably satisfied that a defendant has breached the terms of his probation. *State v. House,* 889 A.2d 231, 232 (R.I.2006) (mem.). The use of hearsay evidence in probation-revocation hearings is not precluded. *State v. Casiano,* 667 A.2d 1233, 1239 (R.I.1995).[1]

After reviewing the record, we hold that the evidence presented at the hearing was sufficient to reasonably satisfy the hearing justice that the defendant had violated the terms of his probation. Furthermore, we hold there was no error in admitting the hearsay testimony of Officer Poncia in light of our previous holding that hearsay evidence is not precluded in such proceedings. It is our firm opinion that the judgment of the Superior Court was not arbitrary or capricious. Accordingly, the judgment of the Superior Court is affirmed.

---

**1.** The state argues that defendant did not object to the statements he says are hearsay at the hearing with sufficient specificity to preserve the argument for review. While failure to preserve the argument would preclude review, we decline to address the question of whether the argument was preserved because hearsay is not strictly prohibited in probation-revocation hearings.