STATE

v.

Leon BROWN.

No. 2006–137–C.A.

Supreme Court of Rhode Island.

Feb. 19, 2007.

Virginia McGinn, Esq., Providence, for Plaintiff.

Paula Lynch, Esq., for Defendant.

**ORDER**

The defendant, Leon "Boogie" Brown, appeals from a Superior Court judgment finding that he violated the terms of his probation. Upon determining that Mr. Brown "fail[ed] to keep the peace and be of good behavior," the hearing justice ordered him to serve fifteen years of a previously suspended sentence that had been imposed in 1993 for assault with the intent to commit a specified felony. Mr. Brown brings his appeal on due-process grounds, contending that: (1) he was not properly notified of the allegations upon which the revocation of probation was predicated; and (2) he was not provided the opportunity to confront and cross-examine adverse witnesses. This case came before the Supreme Court for oral argument based on an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After reviewing the record, and considering the parties' memoranda and oral arguments, we conclude that the appeal may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

At the probation revocation hearing, Providence police officer Frank Newton testified that on the evening of August 14, 2004, he was dispatched to the area of Gordon and Public Streets, where he encountered a young male whom he observed to be bleeding from the back of his head. The young man apparently was unable to remember his birthday or spell his last name at the scene, but Officer Newton estimated that he was between twelve and sixteen years old. When Officer Newton asked him what had happened, the young man said that someone he identified only as "Boogie" had attacked him from behind and that he had passed out after his assailant began to choke him. Before he was whisked away to Rhode Island Hospital for treatment, the boy told Officer Newton that he was missing two gold necklaces and a gold ring.

The state also presented the eyewitness testimony of Pedro Gutirrez. Mr. Gutirrez testified that he was working in the Public Street Market on the afternoon of August 14, 2004, when he heard something banging against the exterior of one of the market's walls. He went outside and observed a man he knew as "Boogie" slamming a

child against the wall. Mr. Gutirrez said he had seen the child many times before, but at the time of the incident he was unable to provide the police with the child's name.[1] Mr. Gutirrez further testified that he saw the boy fall to the ground and lose consciousness as Mr. Brown slammed the boy's head against the ground and then stomped on it repeatedly. At that point, fearing for the young man's life, Mr. Gutirrez said, he ran toward Mr. Brown and pushed him down. Mr. Brown then challenged Mr. Gutirrez to a fight, but Mr. Gutirrez fled to his store. About the same time, a crowd of people from a party in a house adjacent to the market had gathered outside, and a woman emerged from the crowd and prevented Mr. Brown from pursuing Mr. Gutirrez. At the probation revocation hearing, Mr. Gutirrez identified Leon Brown as the person whom he had seen attack the child outside the Public Street Market that day. Mr. Gutirrez also testified that he had seen Mr. Brown in the Public Street Market many times over the course of a three-year period and that he had heard others refer to him as "Boogie."

On August 15, 2004, the Providence Police Department obtained a warrant to arrest Leon Brown for first-degree robbery. On August 17, 2004, the police added a charge of resisting arrest after Providence police officers reported that Mr. Brown was belligerent and physically combative when they attempted to take him into custody. The next day, in accordance with Rule 32(f) of the Superior Court Rules of Criminal Procedure, the Attorney General's office served Mr. Brown with notice of allegations that he had violated the terms of his probation. At the time, Mr. Brown was on probation for five previous convictions. The Rule 32(f) violation report included attached copies of the two-count criminal complaint against Mr. Brown for robbery and resisting arrest, the arrest warrant for the robbery and the police reports connected with both charges. Mr. Brown's probation violation hearing took place in Providence County Superior Court on February 16, 2005. At its conclusion, the hearing justice said, "[T]he Court is more than satisfied through the credible testimony of Officer Newton and Mr. Pedro Gutirrez that the defendant did in fact fail to keep the peace and be of good behavior, and that he did act in assaultive behavior * * *." Accordingly, the hearing justice ordered Mr. Brown to serve fifteen years of one of his suspended sentences stemming from an earlier conviction. Mr. Brown timely filed a notice of appeal.[2]

■ Mr. Brown's first contention on appeal is that the Rule 32(f) notice did not adequately apprise him of the allegation of assault. The complaint attached to the notice specified only two charges: robbery and resisting arrest. Thus, Mr. Brown asserts, the notice did not comport with the minimum requirements of due process of law.

■ This argument is easily dispatched because it is clear from the record in this case that Mr. Brown failed to raise at his hearing the issue of deficient notice

---

1. The police ascertained the name of the young man shortly after this incident and clearly identified him in the arrest warrant, criminal complaint, and police offense report, all of which the Attorney General's office appended to the Super.R.Crim.P. 32(f) violation notice. The young man was fourteen years old at the time of his encounter with defendant.

2. The defendant's appellate counsel disclosed at oral arguments that while this appeal was pending, Mr. Brown was tried by a jury on the underlying charges and convicted of assault and resisting arrest.

that he now endeavors to argue on appeal. This Court's "raise or waive" rule precludes consideration on appeal of issues that have not been preserved by means of a specific objection at trial. *State v. Bettencourt*, 723 A.2d 1101, 1107–08 (R.I. 1999). At the outset of his hearing, Mr. Brown did express to the hearing justice some frustration over a lack of communication with his court-appointed attorney, but neither Mr. Brown nor his attorney ever complained that the Rule 32(f) violation report failed to provide adequate notice of the probation violations that were at issue.

■■ Regardless, even if Mr. Brown had preserved the issue, his objection is without merit. Mr. Brown reasons that because the violation report that he received included only charges of robbery and resisting arrest, he was deprived of the opportunity to adequately prepare a defense against the allegation of assault that, among other things, led the hearing justice to revoke his probation. Rule 32(f) requires that "[p]rior to the [probation] hearing the State shall furnish the defendant and the court with a written statement specifying the grounds upon which action is sought * * *[,]" and it is well settled that the reversal of a probation violation decision is proper if the state falls short of this requirement. *State v. Franco*, 437 A.2d 1362, 1364 (R.I.1981). Here, however, the affidavit contained in the arrest warrant and the police "offense report" attached to the Rule 32(f) notice described in some detail Mr. Brown's alleged conduct upon which the state sought to show that he had violated his probation.[3]

This Court previously has ruled that the requirements of Rule 32(f) may be satisfied by reference to attached reports. *State v. Sikhaolouanglath*, 683 A.2d 376, 377 (R.I.1996). It is also well established that the sole purpose of a probation revocation proceeding is to determine whether the conditions of probation have been violated, including the probationer's obligation to keep the peace and be of good behavior. *State v. Sylvia*, 871 A.2d 954, 957 (R.I.2005). The issue, therefore, is not the probationer's guilt with respect to the new charges, but rather whether the probationer's "conduct on the day in question had been lacking in the required good behavior expected and required by his probationary status." *State v. Znosko*, 755 A.2d 832, 834 (R.I.2000) (quoting *State v. Godette*, 751 A.2d 742, 745 (R.I.2000)). Here, the notice with its appended criminal complaint, police offense report and arrest warrant affidavit provided Mr. Brown with sufficient notice that his alleged assaultive behavior would be a focal point of the violation hearing.

■■ The second due-process violation Mr. Brown asserts on appeal centers on his contention that he did not have the opportunity to confront and cross-examine adverse witnesses. To the extent that the defendant refers to Officer Newton and Mr. Gutirrez, the only two witnesses to testify at the hearing, we deem his argument to be untenable. Mr. Brown was afforded a full and fair opportunity to cross-examine those witnesses. The defendant also contends that "the hearing

3. The following account is an excerpt from the affidavit section of the arrest warrant that was attached to the Rule 32(f) report:

"Upon arrival, Ptlm. Newton spoke with the victim * * *, who stated that as he was walking on Gordon Ave., a subject known to him as 'Boogie' Brown, choked him from behind, causing him to pass out. [The 'vic-

tim'] stated that when he woke up, he was bleeding from the head, and that his gold ring and two gold chains were missing. A witness, Pedro [Gutirrez], stated that he observed 'Boogie' Brown throw [the 'victim'] against the wall, pick him up and throw him to the ground, and then stomp on his head."

justice, apparently relied on facts that were not in the record, and admitted the hearsay evidence of an unknown, unidentified witness, a witness whose reliability Mr. Brown was without means to challenge or to test, in depriving Mr. Brown of his liberty for a full fifteen (15) years." Yet the defendant fails to refer to the record or provide any further explanation indicating what hearsay evidence he seeks to challenge. Clearly, the state was under no obligation to present the juvenile complainant as a witness at the violation hearing.[4] The prosecution's burden was to prove that Mr. Brown violated the conditions of his probation to the court's reasonable satisfaction. *See Sylvia,* 871 A.2d at 957. It met this obligation by proffering the testimony of an eyewitness and a police officer, both of whom the hearing justice found to be credible. We are satisfied that the hearing justice acted neither arbitrarily nor capriciously in finding that Mr. Brown violated the conditions of his probation.

Accordingly, we affirm the hearing justice's judgment that Mr. Brown violated the terms and conditions of his probation and return the record in this case to the Superior Court.

---

4. At the hearing, Mr. Brown's attorney conceded this point when he addressed the following remarks to the hearing justice:

"Mr. Brown seems to feel that because the victim in the robbery incident is not here, this hearing should not proceed. He feels as though he has an absolute right to cross-examine the victim at this stage of the proceedings. I tried to explain to him this is a violation hearing and no such right exists under Rhode Island law."