Justice Flaherty,
with whom Justice Robinson joins, dissenting.
We respectfully dissent from the holding of the majority in this case. We do not quibble with the majority’s explanation of the law on collateral estoppel, nor do we disagree with its interpretation of G.L. 1956 § 31-27-2.3(a) (the preliminary breath test statute) or § 31-27-2.1 (the chemical test statute). Moreover, it is our opinion that the majoritys recitation of the facts is, for the most part, accurate. We dissent, however, because we believe that the majority has misapplied the pertinent facts to the law.
As the majority correctly explains, the doctrine of collateral estoppel has three fundamental elements: “(1) the parties are the same or in privity with the parties of the previous proceeding; (2) a final judgment on the merits has been entered in the previous proceeding; [and] (3) the issue or issues in question are identical in both proceedings.” Kenlin Properties, LLC v. City of East Providence, 139 A.3d 491, 497-98 (R.I. 2016) (quoting Foster-Glocester Regional School Committee v. Board of Review, 854 A.2d 1008, 1014 (R.I. 2004)). After carefully reviewing the record in this case, it is our opinion that defendant has met every element of the collateral estop-pel test; and, therefore, the state should have been precluded from offering testimony that would establish reasonable suspicion of defendant’s intoxication prior to his refusal to submit to the preliminary breath test. Consequently, his conviction for failure to submit to a chemical test should be vacated.
I
Same Parties
The majority correctly notes that the state has conceded that the parties were identical at the hearings in the Traffic *1178 Tribunal and the Superior Court. Therefore, this element of the collateral estoppel doctrine has been satisfied.
II
Final Judgment
‘ Likewise, the final judgment element was easily met when the Traffic Tribunal issued a Traffic Summons Judgment Card fdr the preliminary breath test refusal count. A fuller discussion of final judgment follows in Section III(C).
III
Identity of Issues
The final element of collateral estoppel is identity of issues. For defendant to show that there was an identity of issues, three sub-elements must be met: the issue that ■is to be precluded must be identical to the issue: that ;was decided in the prior proceeding; the issue must actually have been litigated; and, the issue must have been decided. See State v. Godette, 751 A.2d 742, 746 (R.I. 2000).
A
Identical Issue
The majority correctly notes that the preliminary breath test statute and the chemical test statute each requires a law enforcement officer to have “reasonable belief or reasonable grounds” to request that a motorist submit to either a preliminary breath test or a.chemical test. That is, both statutes require an officer to meet the same level of suspicion before requesting the administration of a test for intoxication. The majority states that, under the preliminary breath test statute, “[rjeasonable belief that the operator was operating under the influence may be established up until the point when the officer requests that the operator submit to a preliminary breath test.” We agree completely with this statement. The majority then adds that “the operator’s post-arrest behavior, while irrelevant to an infraction under [the preliminary breath test statute], is highly relevant to a charge under [the chemical test statute].” It is this statement, particularly as applied to the facts in this case, that lies at the core of our dissent.
It is important to note that we do not advance the argument that the state is always estopped from pursuing a charge under the chemical test statute after a defendant has been found to be not liable under the preliminary breath test statute. Indeed, we recognize that there are significant differences between the two statutes that would frequently render a defense of collateral estoppel inapplicable. However, our focus is on’the identical threshold issue contained in each statute: that a police officer must have reasonable belief that the motor vehicle operator was impaired before administering a test for intoxication. It is with respect to this threshold issue that the state failed to produce evidence in the Traffic Tribunal, resulting in a dismissal of the charge of refusing to take a preliminary breath test.
Upon an initial reading, the two statutes appear distinct enough such that collateral estoppel could not apply because evidence from a later moment in time is permissible to create reasonable suspicion under the chemical test statute. However, it is our position that, if a defendant is found not liable on the preliminary breath test statute because the state failed to show that an officer had a reasonable suspicion to believe that defendant was operating his vehicle under the influence, and later, at a subsequent trial, the state produces no post-arrest evidence that would demonstrate that a police officer had reasonable cause to believe that defendant had been operating a motor vehicle while intoxicate. *1179 ed, then the issue to be decided is identical.
Here, the magistrate at the Traffic Tribunal ruled that the state had failed to establish that the law enforcement officer had produced evidence that he had reasonable suspicion to believe that defendant was driving under the influence.[1] This, of course, was necessary as well when defendant was prosecuted in the Superior Court for refusal to submit to the chemical test. Notwithstanding that shortcoming, had the state produced any credible post-arrest evidence that defendant had been operating a motor vehicle while intoxicated, we would agree with the majority that collateral es-toppel does not apply. However, after a thorough review of the record we are unable to divine any post-arrest evidence that would have given rise to a reasonable suspicion to believe that defendant was operating his motor vehicle while intoxicated. The majority notes that, after Officers Sar-asin and Perreault arrested defendant,
“Officer Sarasin found two unopened sixteen-ounce beer bottles in defendant’s vehicle, and he testified that defendant was belligerent and uncooperative at the Police Department. The defendant ignored the officers’ commands and repeatedly rose from his chair and attempted to walk-away while being read his rights at the Police Department. He was physically restrained by officers each time and eventually handcuffed to the chair.”
Nothing in Officer Sarasin’s testimony in the Superior Court demonstrates any indi-cia of intoxication such that an officer would have reasonable suspicion to believe that defendant was operating his vehicle while he was intoxicated. The officer’s discovery of sealed beer bottles cannot be an indication of intoxication; indeed, it is hard to imagine a person becoming intoxicated from an unopened bottle of beer. To find otherwise would create a situation where any person driving with a sealed bottle that contains an alcoholic beverage has, by that fact alone, given an officer reasonable suspicion to believe that he is intoxicated. Likewise, the fact that defendant was belligerent at the police station and did not remain seated while being processed does not give rise to a suspicion of intoxication, and no witness testified that it did. This is especially so when we take into consideration that Officer Sarasin testified that defendant was still suffering from the effects of the pepper spray with which the officers had earlier doused him.[2]
Because there was no post-arrest evidence that would give rise to the reasonable belief that defendant was intoxicated, the reasonableness of suspicion must rest on Officer Sarasin’s testimony about pre-arrest evidence. But, in our opinion, the failure of the state to have offered any such evidence at the Traffic Tribunal should, by the operation of collateral es-toppel, have been precluded in the Superi- or Court.
*1180 It is our opinion that, in this case, there was an identity of issues in the case before the Traffic Tribunal and the later proceeding in the Superior Court. At trial in the Superior Court, the state failed to show any indicia of intoxication on the part of defendant, except for the evidence that should have been produced at the Traffic Tribunal. Accordingly, collateral estoppel should have precluded the admission of such evidence in the Superior Court.
B
Actually Litigated
Our law is clear that for collateral estop-pel to apply, an issue must be “actually litigated.” Kenlin Properties, LLC, 139 A.3d at 497; see also Foster-Glocester Regional School Committee, 854 A.2d at 1014. According to Black’s Law Dictionary, for an issue to be “actually litigated,” it must have been “properly raised in an earlier lawsuit, submitted to the court for a determination, and determined.” Black’s Law Dictionary 43 (10th ed. 2014). To us, it is obvious that the issue that defendant sought to exclude from trial in the Superi- or Court—namely, pre-arrest evidence that would give rise to a reasonable suspicion that he was intoxicated while operating his motor vehicle—was litigated in the Traffic Tribunal.
During the proceeding in the Traffic Tribunal, the issue was raised when the magistrate began the proceeding by saying: “All right, this is * * * summons 07-103-008802 * * *, refusing to submit to a preliminary breath test, * * * this occurred * * * 12/28/2011, is that correct?” Officer Sarasin[3] responded, “[y]es, sir.” The issue was analyzed by the magistrate upon the close of evidence, and it was then determined when the magistrate dismissed the charge.
The majority appears to believe that collateral estoppel should not apply because the state failed to introduce any evidence .in the Traffic Tribunal that would create an “evidentiary foundation” to indicate that Officer Sarasin had a reasonable suspicion to believe that defendant was intoxicated. However, we are perplexed by the majority’s reasoning because it relies on abrogated law to support its argument. The majority opinion details how this Court abrogated State v. Chase, 588 A.2d 120, 123 (R.I. 1991), and highlights the following language from Chase as no longer good law:
“[Ojnly a specific finding on a material matter of fact fully litigated at the probation-revocation hearing will collaterally estop the state from attempting to prove the same fact at trial. A general finding will not suffice, nor will a specific finding that was not fully litigated unless the state had notice that the issue was to be litigated fully at the hearing and had a fair opportunity to do so.” Id.[4]
After disavowing this very language, the majority goes on to quote the exact same language to support its proposition that the issue that defendant seeks to collaterally estop was not actually litigated in the Traffic Tribunal. In doing so, the majority removes the words “the probation-revocation” from the quote and replaces those words with a bracketed “a,” as though that legerdemain would somehow bring Chase back from the dead.
*1181 The majority opines that collateral es-toppel cannot apply “when the evidentiary threshold was not established” because the magistrate did not make a “specific finding,” but rather made only a “general finding.” To support this conclusion, the majority relies on the overruled section of Chase that requires a “specific finding” of fact. Accordingly, we believe that the majority relies on abrogated law in coming to its conclusion that the issue was not actually litigated.
Actually, our law allows the doctrine of collateral estoppel to apply “when an issue of ultimate fact has once been determined by a valid and final judgment[.]” State v. Gautier, 871 A.2d 347, 358 (R.I. 2005) (quoting State v. Werner, 865 A.2d 1049, 1055 (R.I. 2005) (emphasis omitted and added)). Although the magistrate may not have made a “specific finding,” he did determine an issue of ultimate fact when he ruled that the state had failed to create an “evidentiary foundation.”[5]
The majority’s reliance on the magistrate’s failure to make a specific finding of fact is additionally misguided because the state provided no evidence upon which the magistrate could have made a specific finding. It was the state’s burden to show by clear and convincing evidence that the officer had reasonable suspicion. For collateral estoppel to apply at a later proceeding, all that matters is that the state had the opportunity to introduce evidence, not whether it actually did. See Restatement (Second) Judgments § 27 cmt. c. at 253 (1982) (“[I]f the party against whom preclusion is sought did in fact litigate an issue of ultimate fact and suffered an adverse determination, new evidentiary facts may not be brought forward to obtain a different determination of that ultimate fact.”);[6] see also Adler v. Makowski, 168 Wis.2d 776, 486 N.W.2d 37, at *3 (App. 1992) (“The party seeking to avoid application of the doctrine [of collateral estoppel] bears the burden of showing that he was deprived of a full airing of the issue the first time.”).
Clearly, the state had the opportunity to produce in the Traffic Tribunal the evidence that it later relied on in the Superior Court; namely, Officer Sarasin’s testimony. Thus, it should have been estopped from producing that same evidence in the Superior Court.
C
The Issue Was Decided
It is further our opinion that the issue was decided when the Traffic Tribunal magistrate dismissed the charge against defendant for refusing the preliminary breath test. The matter was decided by a judicial officer who had the authority to *1182 resolve the issue fully and finally, and he did so. After the hearing, a Traffic Summons Judgment Card entered that noted the disposition of the charge as “Dismissed.” The magistrate’s dismissal of that charge from the bench and the subsequent entering of the judgment are conclusive of the fact that the issue was decided.
The majority-attempts to discredit the validity of the Traffic Tribunal judgment by likening the proceedings to probation-revocation hearings. Although what transpires in the Traffic Tribunal is in some respects less formal than what usually occurs in the Superior Court, it is, nonetheless, a legislatively created court of competent jurisdiction. See G.L. 1956 §§ 8-8.2-1, 8-S.2-2. The hearings are recorded and presided over by a full-time magistrate, and the decisions are binding upon the parties.
Moreover, the General Assembly saw fit to give the Traffic Tribunal jurisdiction over charges brought under both the preliminary breath test statute and the chemical test statute.[7] See G.L. 1956 § 42-9-4(b). Thus, the Traffic Tribunal is as equally competent as the Superior Court to adjudicate charges under the chemical test statute. It is difficult to imagine the majority not applying collateral estoppel had the second proceeding occurred in the Traffic Tribunal. The fact that the chemical test charge was brought in the Superior Court should not change the result.
Because we conclude that: (1) the issue that was decided in the Superior Court was identical to the one before a judicial officer in the Traffic Tribunal; (2) that the issue was actually litigated in the Traffic Tribunal; and (3) that the issue was decided, we believe that there was an identity of issues for the purpose of applying collateral estoppel.
IY
Conclusion
In our opinion, the elements of collateral estoppel were met. The question is not whether the state fully litigated its case in the Traffic Tribunal, but whether it had the opportunity to do so. It did, and it was not successful. As a result, the state should have been precluded from offering evidence in the Superior Court about what occurred before the defendant’s arrest. Without that testimony, the charge of refusal to take the chemical test pursuant to § 31-27-2.1 fails and the conviction should be vacated. Consequently, we respectfully dissent from the majority opinion in this case.

. As the majority writes, with respect to the proceedings before the Traffic Tribunal: "[T]he officer failed to offer any testimony about his reasonable belief that defendant was driving while intoxicated.” It was this lack of testimony that required the magistrate to dismiss the preliminary breath charge because, according to the magistrate, “[wjithout the foundation evidence of that, that charge can’t be sustained.”

. In a footnote, the majority suggests that the mere refusal of the preliminary test "may help an officer formulate a reasonable belief that the motorist is intoxicated[J” We vigorously disagree with this notion because there are myriad reasons why a person may decide to refuse the preliminary breath test.

. As the majority correctly notes, the Traffic Tribunal transcript incorrectly identifies the officer as Officer Harris. It was, in fact, Officer Sarasin who testified at the Traffic Tribunal.

. This language from State v. Chase, 588 A.2d 120, 123 (R.I. 1991), was specifically overruled by State v. Gautier, 871 A.2d 347, 358-60 (R.I. 2005).

. Black's Law Dictionary defines "ultimate fact” as "l.A fact essential to the claim or the defense. * * * 2. A fact that is found by making an inference or deduction from findings of other facts; specif., a factual conclusion derived from intermediate facts.” Black’s Law Dictionary 711 (10th ed. 2014). Here, the magistrate inferred from the lack of evidence produced that thé officer did not have reasonable suspicion.

. Illustration 4 to Restatement (Second) Judgments § 27 at 253 (1982) provides the following helpful hypothetical:
"A brings an action against B to recover for personal injuries in an automobile accident. A seeks to establish that B was negligent in driving at an excessive rate of speed. After trial, verdict and judgment are given for B. In a subsequent action by B against A for injuries in the same accident, A is precluded from setting up B’s negligence as a defense, whether or not the alleged negligence is based on an assertion of excessive speed. It is reasonable to require A to bring forward all evidence in support of the alleged negligence in the initial proceeding.”

. The Superior Court had jurisdiction over the offense under G.L. 19S6 § 31-27-2.1, refusal to submit to a chemical test, because it was defendant’s second offense, which has been declared to be a misdemeanor by the General Assembly. Had it been a first offense, the matter would have been adjudicated in the Traffic Tribunal.